Jerry W. TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00077–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 13, 1986.

Henry C. Paine, Jr., Bryan, for appellant.

Bill Turner, Dist. Atty., Vernie Hubert, II, Asst. Dist. Atty. for Brazos County, Bryan, for appellee.

Before COHEN, SAM BASS and DUNN, JJ.

## OPINION

COHEN, Justice.

After the jury found appellant guilty of indecency with a child, the trial court assessed punishment at 15 years confinement.

The first point of error asserts that the trial court erred in overruling appellant's motion for new trial, which was based on "new evidence," pursuant to Tex.Code Crim.P.Ann. art. 40.03(6) (Vernon's 1979). The motion contained an affidavit from the complainant, N.C., appellant's 10–year–old stepdaughter. The affidavit stated:

> I'm N.C. the same one who went to Court. Jerry Turner did not do what I said he did. The reason why I said he messed with me is because he used to beat up Mamma all the time for no reason. He never touched me in any way anytime. This is true and correct.

N.C. did not testify at the hearing on the motion for new trial, and the State offered no controverting evidence.

A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and the court's decision, absent a showing of clear abuse of discretion, should not be disturbed on appeal. *Eddlemon v. State*, 591 S.W.2d 847 (Tex.Crim.App.1979). The credibility of witnesses and the probable truth of the new evidence are matters for the court's discretion. *Todd v. State*, 601 S.W.2d 718 (Tex.Crim.App.1980). In ruling on the motion, the trial court may consider the evidence adduced at trial, the recanting affidavit, and the testimony at the hearing of the motion for new trial. *Williams v. State*, 375 S.W.2d 449, 451 (Tex.Crim.App. 1964).

The trial court, in the original proceeding, had heard both testimony from and a video tape of the complainant. N.C.'s mother, appellant's wife, testified at trial that N.C. was scared, did not want to testify, and that she did not want N.C. to testify. She testified that she did not dislike appellant, and that he still came to her house. N.C.'s mother admitted to two felony convictions. The trial court could have also considered that the complainant did not testify at the hearing on the motion for new trial, and that the affidavit did not show that the very young complainant knew the meaning or effect of what she was signing. This out-of-court statement from a young child, who testified at trial and remained vulnerable to the influence of several interested adults, is distinguishable from new evidence that has compelled a new trial. *See Cranfil v. State*, 525 S.W.2d 518 (Tex.Crim.App.1975) (adult witness, who did not testify at trial, testified at new trial hearing); *Henson v. State*, 150 Tex.Crim.R. 344, 200 S.W.2d 1007 (1947) (adult, disinterested witness had not testified at trial); *Brooks v. State*, 115 Tex. Crim.R. 98, 29 S.W.2d 373 (1930) (two "young ladies" unrelated to appellant had not testified at trial); *Piper v. State*, 57 Tex.Crim. 605, 124 S.W. 661 (1910) (adult witness gave detailed affidavit that was easily controvertible by several witnesses named therein, but was not controverted); *Simon v. State*, 630 S.W.2d 681 (Tex.App.

—Houston [1st Dist.] 1982, no pet.) (two adult witnesses unrelated to appellant testified in person at new trial hearing, but not at trial).

We find no abuse of discretion in the trial court's overruling of the motion for new trial.

Appellant's first point of error is overruled.

The second point of error alleges that the trial court violated Tex.Code Crim. P.Ann. art. 38.072 (Vernon Supp.1986) by allowing testimony from Brenda Faye Turner, over objection, concerning "statements" made to her by the complainant. Appellant complains of the following testimony:

[Prosecutor]: Mrs. Turner, without going into the particulars of what your daughter might have said about these incidents, basically, I just want to ask the question, that basically needs to be answered "yes", or "no". Did she tell you about this situation?

[Turner]: Yes.

[Prosecutor]: Okay. And did you call the police and report it to the police after she told you?

[Turner]: I called, oh, the 900 number first, then I went down and gave a report.

Article 38.072 applies "only to statements that describe the alleged offense." Mrs. Turner did not testify about any statement by the complainant that described the alleged offense. We find no violation of article 38.072.

The second point of error is overruled.

The third point of error contends that the trial court erred in overruling appellant's objection to the State's questions during voir dire concerning the possible failure of the spouse to testify. The prosecutor asked if the veniremen could "foresee that it might be foreseeable that one spouse may not want to testify against another spouse, in an incident involving a child," and specifically asked one panel member if he thought "there might be things working

on that wife" to not testify. Appellant objected that the question asked the jury to speculate that appellant had coerced a witness to not testify and now contends that the court allowed the State to convey that the wife had been threatened or neglected.

The permissible areas of interrogation to determine the use of peremptory challenges are broad and are not to be unnecessarily limited. *Smith v. State*, 513 S.W.2d 823, 826 (Tex.Crim.App.1974). The conduct of the voir dire examination rests largely within the sound discretion of the trial court. *Weaver v. State*, 476 S.W.2d 326 (Tex.Crim.App.1972). Appellant cites no cases reversing for such error during voir dire.

We find that the error, if any, was harmless. The questions were but a small part of an extensive voir dire examination. Further, Mrs. Turner testified at trial and stated that she had not been threatened by anyone.

The third point of error is overruled.

The fourth point of error contends that the trial court fundamentally erred by allowing a conviction for indecency if the jury found that the appellant engaged in a sexual contact by touching the breast of the complainant. Appellant argues that the jury charge allowed a conviction by an "impossible method," as the appellant could not have touched the breast of a 10–year-old girl, as the "breasts had not developed."

Prior to 1979, "sexual contact" was defined as—

> any touching of the anus or any part of the genitals of another person or the breasts of a female 10 years or older with intent to arouse or gratify the sexual desire of any person.

Tex.Penal Code art. 21.01 (Vernon 1974), amended by Act of May 15, 1979, ch. 168, § 2, 1979 Tex.Gen.Laws 373.

The definition of "sexual contact" was amended in 1979. Since 1979, "sexual contact" has been defined as—

> any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

Tex.Penal Code Ann. art. 21.01 (Vernon Supp.1986).

Appellant acknowledges that since 1979, "the law has allowed a conviction for indecency by touching the breast of a child, male or female, regardless of age." The statute does not require the victim to have reached any particular stage of development. The jury charge did not allow a conviction by an impossible method.

The fourth point of error is overruled.

The fifth point of error alleges that the trial court erred in the charge to the jury because the jury was not instructed to find the appellant guilty if it found appellant had touched the complainant's genitals. In the application paragraph for count one, the jury was instructed—

> Now, if you find from the evidence beyond a reasonable doubt, that on or about the 1st day of September, 1984, in Brazos County, Texas, the defendant, JERRY TURNER, did then and there intentionally or knowingly, with the intent to arouse and gratify the sexual desire of said Defendant, engage in sexual contact by touching the genitals of N.C., a child younger than 17 years and not the spouse of the Defendant.

The phrase "then you will find the defendant guilty as charged in the first count of the Indictment" was omitted from the court's charge.

Appellant did not object to this omission at trial. He does not argue that the omission harmed him, and it appears that it could only have benefited him. Appellant contends, however, that the charge was fundamentally defective, because the jury was not told under what circumstance to find appellant guilty. If a proper objection was not made at trial, a defendant will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1984).

 In this case, the flawed application paragraph was immediately followed by:

If you do not so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant as charged in the first Count of the Indictment, and consider the second count. Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of September, 1984, in Brazos County, Texas, the defendant, JERRY TURNER, did then and there intentionally or knowingly, with intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact by touching the breasts of N.C., a child younger than 17 years and not the spouse of the defendant, then you will find the defendant guilty as charged in the second count of the Indictment.

Unless you so find beyond a reasonable doubt on either of the two counts of the indictment, or if you have a reasonable doubt thereof, you will acquit the defendant.

Appellant's counsel, during final argument, supplied the missing phrase, when he stated "if ... you believe beyond a reasonable doubt he raised her night gown and put his hand inside her panties and touched her on the genitals and touched her on the breasts, find him guilty."

In light of the entire jury charge and the argument of counsel, we find that there was no harmful error. *Almanza,* 686 S.W.2d at 171. The jury's responsibilities were clear from a reading of the charge as a whole.

The fifth point of error is overruled.

Appellant's sixth point of error contends that the trial court erred in overruling appellant's objection to the court's submission of the charge by alternative counts with a general verdict of guilty. Appellant contends that it is impossible to determine if the jury "acquitted" appellant of touching the complainant's genitals, but convicted him of touching the breasts, or vice-versa. Appellant concedes that such failure is generally harmless, but argues that it was harmful in this case as the offense of inde-

cency with a child could not be accomplished by touching the breasts of the complainant. We have rejected this argument above in point of error number four.

The sixth point of error is overruled.

The judgment is affirmed.