**John Eric MATTOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00693–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 21, 1994.

---

James Patrick Sharp, Jr., Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Harris County, for appellee.

Before HEDGES, O'CONNOR and ANDELL, JJ.

## OPINION

HEDGES, Justice.

Appellant John Eric Mattox was convicted by a jury of aggravated assault. The trial court assessed his punishment at 10–years confinement. We affirm.

### Fact Statement

**The Complainant's Testimony**

The State and the defense presented radically different versions of the events that lead to appellant's conviction. Both agree that appellant shot and wounded the com-

plainant, Richard William Stolarski,[1] on September 17, 1991. From that point, the stories diverge.

Stolarski testified as follows: He had gone to a known drug house at 3329 Napoleon to purchase cocaine. He had seen appellant at this house on many previous occasions. Stolarski left his two companions in a truck parked on the street and walked down a driveway toward appellant's house. He stated that he was not intoxicated from either drugs or alcohol. Hospital records indicated, however, that his blood tested positive for cocaine and that his blood/alcohol reading was .175.

He saw that there were no lights on in the house, indicating to him that drugs were not being sold at that time. Stolarski had turned around to go back to his truck when appellant approached him and said something. Anxious that he might be robbed or that he might be accosted by the police, Stolarski tried to leave hastily. Appellant raised a gun, pulled back the hammer, and pointed it between Stolarski's eyes. Stolarski reached for the gun in an attempt to divert the shot. The gun discharged, and the bullet hit Stolarski in the upper arm, went through an artery in his heart and pierced his lung. Stolarski had no gun and did not threaten appellant with deadly harm. He is now a permanent paraplegic.

## Appellant's Version

Appellant and two of his companions testified that Stolarski appeared at his door one afternoon and asked to purchase drugs. Appellant told him that he had the wrong house and instructed him to get off his porch. Stolarski left but returned that night. He appeared "crazy," unkempt, and intoxicated. Once again he asked appellant to sell him drugs, and once again appellant told him that he had the wrong person. At that point, Stolarski attacked appellant with a broken beer bottle and gouged him deeply in the back. Appellant walked 12 feet and retrieved a loaded revolver from beneath the house. He asked Stolarski to leave as he held the gun at his side. Appellant exhibited the gun because he knew of no other way to force Stolarski to leave his yard. When Stolarski grabbed for the gun, the two began struggling over it. The gun discharged during the struggle and struck Stolarski. Appellant did not intend to shoot Stolarski.

## Sufficiency of the Evidence

█ In point of error four, appellant attacks the legal and factual sufficiency of the evidence to support the verdict. This Court does not ordinarily review factual sufficiency claims in criminal cases. This standard applies only to the review of the factual sufficiency of evidence supporting an affirmative defense of the defendant, not the State, must prove. *Meraz v. State,* 785 S.W.2d 146, 154 (Tex.Crim.App.1990); *Moody v. State,* 830 S.W.2d 698, 704 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Having no review of an affirmative defense before us, we cannot rule on the factual sufficiency of the evidence.

A legal sufficiency challenge requires us to determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App.1990). The same standard applies to challenges of both direct and circumstantial evidence. *Geesa v. State,* 820 S.W.2d 154, 161 (Tex.Crim.App.1991); *Ramirez v. State,* 822 S.W.2d 240, 244 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd).

The trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex. Crim.App.1981). The trier of fact is entitled to accept one version of the events and reject another, and to accept or reject any of the witnesses' testimony. *Id.* We are not autho-

---

1. The complainant is referred to as Richard William Stasiowski in the indictment and as Richard William Stolarski in the statement of facts. We will use the latter name.

rized to sit as a thirteenth juror and determine fact issues de novo. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

### Elements of the Offense

A person commits *assault* if he (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens another with imminent bodily injury. TEX.PENAL CODE ANN. § 22.-01(a) (Vernon 1989). *Aggravated assault* arises when a person commits assault and causes serious bodily injury to another. TEX.PENAL CODE ANN. § 22.02(a)(1) (Vernon Supp.1994).

■ The jury obviously rejected the defense version of the facts and accepted Stolarski's. Stolarski's testimony taken as true is evidence from which a rational trier of facts could have found the essential elements of aggravated assault beyond a reasonable doubt. We find, therefore, that the evidence is legally sufficient to sustain appellant's conviction.

We overrule point of error four.

### Jury Charge Errors

■ In points of error one, two, three, and five, appellant attacks specific elements of the trial court's charge to the jury. As a general rule, an appellant must object to the jury charge in order to preserve his complaint for appellate review. If appellant properly preserves error in the charge, *any* harm can provide the basis for a reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984); *Turner v. State*, 721 S.W.2d 909, 912 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). If appellant fails to properly object, however, he must show fundamental error, which is error so egregious that he has been deprived of a fair and impartial trial. *Almanza*, 686 S.W.2d at 171; *Turner*, 721 S.W.2d at 912. If we find that the trial court erred, we determine the degree of harm, if any, by measuring the error in light of the entire jury charge, the evidence, argument of counsel, and any other relevant information contained in the record. *Almanza*, 686

S.W.2d at 174; *see also Turner*, 721 S.W.2d at 913.

### Unpreserved Errors

Appellant did not object to those portions of the jury charge about which he complains in points of error two, three, and five. Therefore, he must show egregious harm to obtain a reversal under these points of error.

### Concurrent Cause

In point of error two, appellant argues that the trial court erred (1) in failing to separately define the term "concurrent cause," and (2) in not properly applying the law to the facts of the case. We disagree.

The trial court charged the jury as follows:

Now if you find from the evidence beyond a reasonable doubt that the *aggravated assault* on Richard William [Stolarski] would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the *concurrent cause* was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof you will find the defendant not criminally responsible and say by your verdict "Not Guilty."

(Emphasis added.)

■ A trial court is not required to define a word that is not statutorily defined. *Mosley v. State*, 686 S.W.2d 180, 182 (Tex.Crim. App.1985); *Andrews v. State*, 652 S.W.2d 370, 375 (Tex.Crim.App.1983). Words not statutorily defined are given their plain meaning. *See Heberling v. State*, 834 S.W.2d 350, 354 (Tex.Crim.App.1992).

■ The term "concurrent cause" is found in the portion of the jury charge that tracks section 6.04 of the Penal Code:

A person is criminally responsible if the result would not have occurred but for his

conduct, operating either alone or *concurrently with another cause,* unless the *concurrent cause* was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient.

TEX.PENAL CODE ANN. § 6.04 (Vernon 1974) (emphasis added). "A concurrent cause is 'another cause' in addition to the actor's conduct, an 'agency in addition to the actor.'" *Robbins v. State,* 717 S.W.2d 348, 351 n. 2 (Tex.Crim.App.1986) (quoting Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 6.04 (Vernon 1974)). We find that the plain meaning of "concurrent cause" is discernable from the context in which it was used in the charge. Therefore, a separate definition was not necessary.

■ Appellant contends that the trial court erred in failing to apply the term "concurrent cause" to the facts of the case in the jury charge. A trial court is required to apply the law to the particular facts of a case. *Williams v. State,* 547 S.W.2d 18, 20 (Tex. Crim.App.1977). In this case, the court charged the jury with the following application paragraph:

> Now if you find from the evidence beyond a reasonable doubt that the aggravated assault on Richard William [Stolarski] would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof you will find the defendant not criminally responsible and say by your verdict "Not Guilty."

In support of his argument that the trial court should have related "concurrent cause" to specific facts, appellant cites *Nugent v. State,* 749 S.W.2d 595 (Tex.App.—Corpus Christi 1988, no pet.). This authority is not controlling. The appellant in *Nugent* objected timely and tendered a suggested application paragraph that the court refused. *Nugent,* 749 S.W.2d at 597. Therefore, a showing of *any* harm was sufficient to warrant a reversal. *Almanza,* 686 S.W.2d at 171. In this case, appellant has not met his burden of showing egregious harm.

In reviewing the entire record, we find that the application paragraph of the charge properly directed the jury to consider concurrent causes, even though it did not specifically identify what those causes were. There was testimony that Stolarski grabbed for the gun once appellant pointed it at him. The reasonable inference of this evidence is that Stolarski's conduct could have served as a concurrent cause of the shooting. At closing argument, appellant's counsel urged the jury to carefully examine the charge provision on criminal responsibility and to consider Stolarski's actions as a concurrent cause. In finding that the failure to apply the term "concurrent cause" to specific facts was not fundamentally erroneous, we agree with the reasoning in *Chatman v. State,* 846 S.W.2d 329 (Tex.Crim.App.1993):

> We conclude the general application of the law of parties to the facts was sufficient to refer the jury to the abstract instructions on the law of parties so that the jury could properly apply the law to the facts. The jury was not misled or confused by such application under the facts of the case ... If a defendant desires a more explicit application of a particular method of acting as a party, it is his burden to request such or object to the charge.

*Id.* at 332.

We overrule point of error two.

**Comment on the Weight of the Evidence**

■ In point of error three, appellant argues that the use of the words "aggravated assault" in the charge, without any words of limitation such as "if any," constitutes an impermissible comment on the weight of the evidence. *See* TEX.CODE CRIM.P.ANN. art. 36.14 (Vernon Supp.1994). We agree that the recitation was erroneous, but we find that the harm was not of such magnitude that the

error became fundamental or egregious. We are guided in our analysis by the standard set out in *Whaley v. State*, 717 S.W.2d 26 (Tex.Crim.App.1986):

> A charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous. However, in determining whether harm occurred, this Court has held that the charge should be viewed as a whole and review should not be limited to parts of the charge standing alone.

*Id.* at 32 (citations omitted).

This charge made it imminently clear to the jury that the State had the burden of proof. Application paragraphs for "aggravated assault" and "reckless conduct" required that the jury find the requisite elements beyond a reasonable doubt. The charge included the following instructions:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

This charge as a whole clearly placed the burden of proof on the State. It reiterated many times the requirement that the jury find the elements of an offense beyond a reasonable doubt. The failure of the trial court to qualify its reference to "aggravated assault" with the phrase "if any" on a single, isolated occasion, in the context of this charge and of the record as a whole, did not operate to deny appellant a fair trial.

We overrule point of error three.

**Variance Between the Indictment and the Charge**

■ In point of error five, appellant contends that the trial court erred "in charging the jury on a manner of committing the offense that was at variance with the manner of committing the offense on which the state elected to proceed." We find that while the charge varied from the indictment, appellant has not shown that the variance gave rise to fundamental error.

The indictment charged appellant with aggravated assault causing serious bodily injury, attempted murder, and aggravated assault causing bodily injury. The State elected to proceed on the third count of the indictment, which read:

> It is further presented that in Harris County, Texas, JOHN ERIC MATTOX, hereafter styled the Defendant, heretofore on or about September 17, 1991, did then and there *unlawfully intentionally and knowingly* **cause** *bodily injury* to RICHARD WILLIAM [STOLARSKI], by shooting RICHARD WILLIAM [STOLARSKI] with a deadly weapon, namely a firearm.

(Emphasis added.) The trial court charged the jury as follows:

> Now, if you believe from the evidence beyond a reasonable doubt that the defendant, John Eric Mattox, in Harris County, Texas, on or about the 17th day of September, 1991, did then and there *unlawfully intentionally or knowingly* **threaten** *bodily injury* to Richard William [Stolarski] with a deadly weapon namely a firearm; or if you believe from the evidence beyond a reasonable doubt that the defendant, John Eric Mattox, in Harris County, Texas, on or about the 17th day of September, 1991, did then and there *unlawfully intentionally or knowingly* **cause** *bodily injury* to Richard William [Stolarski] by shooting Richard William [Stolarski] with a deadly

weapon namely a firearm, then you will find the defendant guilty of aggravated assault as charged in the indictment.

(Emphasis added.)

A similar variance between the indictment and the charge was examined in *Bonfanti v. State*, 686 S.W.2d 149 (Tex.Crim.App.1985). In that case, the appellant was indicted for aggravated rape *by threat of death and serious bodily injury* to be imminently inflicted on the complainant. The charge permitted the jury to convict if it found beyond a reasonable doubt that the defendant in the course of the same criminal episode as the alleged rape *caused serious bodily injury to the complainant.* The court stated that "[t]he charge thus enlarged upon the allegations in the indictment and instructed the jury that they could find appellant guilty if they found *either* that he had caused bodily injury *or* that he had threatened death or serious bodily injury as alleged in the indictment." *Id.* at 152 (emphasis in original).

The court held that the charge error did not deprive the appellant of a fair trial. It based its conclusion on the fact that an issue of "serious bodily injury" was not argued or presented to the jury and that there was overwhelming and uncontradicted evidence that the appellant was guilty of the aggravating conduct for which he was indicted. In the context of the evidence, the argument, the verdict, and the entire charge, the jury was not misled by the erroneous addition to the charge. *Id.* at 153.

Our review of the entire record similarly persuades us that the variance between the indictment and the charge did not rise to the level of fundamental error. The addition of the "threat" allegation in the charge did not mislead the jury or deny appellant a fair and impartial trial. That Stolarski sustained serious bodily injury was uncontradicted. Further, the cornerstone of appellant's defense was that he obtained the gun to threaten Stolarski and to inspire him to leave the property. Having admitted that conduct, appellant cannot now demonstrate that the court's reference to it, in light of the record as a whole constituted egregious error.

We overrule point of error five.

## Preserved Error

### No Duty to Retreat

■■■ In point of error one, appellant complains that the trial court erred in not granting his proffered instruction regarding no duty to retreat. Appellant preserved this point by properly requesting the inclusion of the instruction in the charge and objecting to its omission. Therefore, if we find that the instruction was improperly excluded, appellant needs to show only some harm, not egregious harm or fundamental error, to warrant reversal. *Almanza*, 686 S.W.2d at 171.

The court charged the jury on self-defense using the verbatim language of TEX.PENAL CODE ANN. § 9.31 (Vernon 1974):

Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is necessary to protect himself against the other person's use or attempted use of unlawful force. The use of force against another is not justified in response to verbal provocation alone.

The charge continued with direct quotation of TEX.PENAL CODE ANN. § 9.32 (Vernon 1974):

A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as above set out, and when he reasonably believes that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force, and if a reasonable person in the defendant's situation would not have retreated.

This section of the charge then recited an instruction taken directly from TEX.PENAL CODE ANN. § 9.04 (Vernon 1974):

The threat of force is justified when the use of force is justified under the law of self-defense. A threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's

purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force.

Appellant argues that the trial court erred in refusing to include the following admonition after the first sentence in the section 9.31 instruction:

> A person is under no obligation to retreat to avoid the necessity of repelling or defending, with force less than deadly force, against an attack or attempted attack.

He contends that his use of the gun was not deadly force because he used it only to create an apprehension that he would use deadly force. Tex.Penal Code Ann. § 9.04. Consequently, he contends, he was not required to retreat. He urges this Court to adopt his requested instruction as the "necessary and logical companion" to the section 9.04 instruction. We decline to do so.

The jury charge included the proper law of self defense in accordance with Tex.Penal Code Ann. §§ 9.31 and 9.32. The trial court was not obligated to append the requested instruction, because the charge was complete in the form given. An almost identical charge was approved in *Sternlight v. State*, 540 S.W.2d 704, 706 (Tex.Crim.App.1976), in which the court held that "[a]n instruction on the law of retreat drafted in the language of the statute is sufficient."

We overrule point of error one.

## Jury Misconduct

In point of error six, appellant contends that the trial court erred in not granting a new trial based on jury misconduct. He attached to his motion for new trial the sworn affidavit of a juror stating that the jury did not follow the law as set forth in the court's charge. At the hearing on the motion, he offered no evidence to support his allegations, either by witness' testimony or by affidavit.

 A movant must support his motion for new trial with evidence. An affidavit attached to a motion is a mere pleading, a threshold to the introduction of evidence: it is not evidence itself. *Bahlo v. State*, 707 S.W.2d 249, 251 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). We are bound by the pronouncement of the Court of Criminal Appeals: "[A] juror's affidavit attached to a motion for new trial on grounds of alleged jury misconduct does not prove itself ... and is only part of the pleading, and absent any evidence offered in support of the motion, the motion is properly overruled." *Dugard v. State*, 688 S.W.2d 524, 529 (Tex.Crim.App. 1985).

We overrule point of error six.

We affirm the judgment of the trial court.