Laura Hodnick **SPECTOR, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 3–87–040–CR.

Court of Appeals of Texas, Austin.

March 16, 1988.

Rehearing Denied April 6, 1988.

Doran Williams, Elgin, for appellant.

Charles Penick, Criminal Dist. Atty., Forrest L. Sanderson, III, Asst. Criminal Dist. Atty., Bastrop, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Laura Hodnick Spector appeals from a judgment of conviction for possession of two ounces or less of marihuana. Tex.Rev. Civ.Stat.Ann. art. 4476–15 § 4.051(b)(1) (Supp.1988). The jury assessed punishment at 30 days in jail and $500 fine. We will affirm the judgment.

Spector was jointly tried for possession of marihuana and destruction of evidence. The jury convicted on both charges and Spector filed separate appeals. We set out the general facts applicable to both convictions and review the destruction of evidence conviction in our opinion of this date in — S.W.2d ——. Here we review Spector's nine points of error complaining of the judgment of conviction for possession of marihuana.

■ Spector initially complains the trial court erred in failing to dismiss the charge pursuant to Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1988) (the "Speedy Trial Act"). The Speedy Trial Act has been held unconstitutional and cannot provide a basis for any relief. *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987); *Robinson v. State,* 739 S.W.2d 795 (Tex.Cr.App.1987). Spector's first point of error is overruled.

Spector complains in her second point of error the trial court erred in failing to grant her motion to quash the information because it failed to allege an offense. We disagree.

The information in part charged Spector knowingly possessed "a usable quantity of marihuana, to wit: in an amount of not more than two ounces." Spector apparently argues the information effectively charged that possession of any amount of marihuana less than two ounces was a usable quantity.

■ A valid charging instrument must allege all of the necessary elements of the offense. In determining whether the instrument alleges all the necessary elements of the offense, the instrument must be read as a whole and construed liberally. *Thompson v. State,* 697 S.W.2d 413, 415 (Tex.Cr.App.1985).

The elements required to allege the offense of possession of two ounces or less of marihuana are a knowing possession of a usable quantity of marihuana that is two ounces or less. Applying a liberal construction to the information in this case, we conclude it charges the necessary elements of the offense. Spector's second point is overruled.

■ Spector complains in her third point of error the trial court erred by overruling

her objection to the charge. Spector complains the jury was permitted to convict her for any amount of marihuana rather than a usable quantity because the charge tracked the language of the allegedly defective information quoted above.

We have already concluded the information was not defective, and generally the charge should correspond to the charging instrument. *Jackson v. State*, 633 S.W.2d 897, 899 (Tex.Cr.App.1982). Moreover, the rest of the charge clearly informs the jury that they must find the defendant possessed a usable quantity of marihuana in order to convict her. Spector's third point is overruled.

Spector complains in her fourth point of error the trial court erred in refusing to instruct the jury on what constitutes a usable quantity of marihuana. Spector requested the jury be instructed that a usable quantity is that "amount sufficient to be applied to the use commonly made thereof which is to smoke it in cigarettes."

When there is no statutory definition of a term, the test of whether it must be defined is "whether the term has such a common and ordinary meaning that jurors can be fairly presumed to know and apply such meaning." *Phillips v. State*, 597 S.W.2d 929, 937 (Tex.Cr.App.1980). Spector does not contend there is a statutory definition of "usable quantity." We conclude the term "usable quantity" is subject to the common and ordinary meaning suggested in Spector's requested instruction and that the jurors in this case can be fairly presumed to have known and applied that meaning. Spector's fourth point is overruled.

Spector complains in her fifth point of error the trial court erred in denying her motion for a new trial because the evidence is insufficient to show she possessed any marihuana or, alternatively, that she possessed a usable quantity of marihuana. Within this point Spector also complains the State failed to establish a chain of custody for the contraband.

"In order to establish the unlawful possession of a controlled substance, the State must prove: (1) the accused exercised care, control and management over the contraband, and, (2) the accused knew the substance possessed was a controlled substance." *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Cr.App.1980). Spector does not dispute the substance found in her car was marihuana; consequently we must only determine if Spector possessed the substance.

Spector was a case worker for the Texas Department of Mental Health and Mental Retardation at the time of her arrest. Part of Spector's duties as a case worker included chauffeuring patients with substance-abuse problems. Spector contends one of her patients left the marihuana found in her car and she never exercised control over the contraband so as to possess it.

The record reveals otherwise. The arresting officer testified Spector was the only occupant of her car when she was stopped for speeding. While Spector attempted to pull over, the officer observed her leaning over to the passenger side of the front seat as if she were doing something with her hands. When the officer approached Spector's car he smelled the odor of burnt marihuana. The officer found the marihuana cigarette on the lip of Spector's open purse. The cigarette was wet as if a liquid had been poured over it. Viewing the evidence in the light most favorable to the prosecution, we conclude it is sufficient to show Spector exercised sufficient care, control, and management over the contraband to have possessed it. *Jackson v. State*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) (opinion on State's motion for rehearing).

Even if she possessed some marihuana, Spector contends the amount possessed was not a usable quantity. The State's drug analysis expert testified the marihuana he tested weighed .19 grams, a usable amount, but "kind of the limit of usability." Considering the testimony that Spector attempted to destroy the marihua-

na cigarette after it was found in her car and that part of its contents were lost (*see* 746 S.W.2d 945 of this date), and viewing the evidence in the light most favorable to the prosecution, we conclude the evidence is sufficient to show Spector possessed a usable quantity of marihuana. *Id.*

■ Spector contends even if she possessed a usable quantity of marihuana, the State failed to show a proper chain of custody for the contraband. Her contention, however, is not supported by the record.

Jay Titlow testified he picked up what he could find of the marihuana cigarette that Spector attempted to destroy. Titlow gave the remains of the cigarette to the arresting officer who in turn gave the evidence to his sergeant. The sergeant testified he gave the evidence to a trooper to take to the drug-analysis lab in Austin, and the trooper testified he delivered the evidence to the lab. The supervisor of the drug-analysis section of the lab testified he brought the same evidence to court. The State has properly established a chain of custody. Spector's fifth point of error is overruled.

■ Spector complains in her sixth point of error the trial court erred in refusing to admit evidence of her character for truthfulness and honesty.

Spector first contends character evidence was admissible under Tex.R.Cr.Evid.Ann. 404(a)(1) (Supp.1988). The pertinent part of that rule states:

> Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> (1) Character of accused. Evidence of a *pertinent trait* of his character offered by an accused, or by the prosecution to rebut the same.

Tex.R.Cr.Evid.Ann. 404(a)(1) (Supp.1988) (emphasis added).

A pertinent trait is "one that relates to a trait involved in the offense charged or a defense raised." 2 Ray, Texas Law of Evidence § 1492 (3rd ed. 1980). Spector's character for truthfulness and honesty are not traits related to the offense of possession of marihuana.[1] *See United States v. Jackson*, 588 F.2d 1046, 1055 (5th Cir.1979) (where identical federal rule interpreted to exclude evidence of defendant's character for truthfulness and honesty in drug possession prosecution).

Spector next contends evidence of her character was admissible under Tex.R.Cr. Evid.Ann. 608(a) (Supp.1988), the pertinent part of which states:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence *or otherwise.*

Tex.R.Cr.Evid.Ann. 608(a) (Supp.1988) (emphasis added).

Spector testified during her trial. She now contends the State attacked her character for truthfulness under the "otherwise" provision of Rule 608(a), and she should therefore be allowed to introduce evidence of her truthfulness. She contends the State attacked her reputation for truthfulness in *voir dire* and its case in chief. We disagree.

■ During *voir dire* the State essentially asked the jury to judge the credibility of the defendant, if she chose to testify, by what she had to gain in telling her story. During its case-in-chief the State confronted Spector with the testimony of the arrest-

---

1. Spector's character for truthfulness and honesty would be pertinent traits under Rule 404(a)(1) in the destruction of evidence case. We reversed that case on other grounds, how-ever, and although the cases were tried jointly, the excluded evidence was admissible only for a limited purpose and cannot form the basis of error here.

ing officer and simply allowed her to deny it. The State did not attack Spector's general reputation for truthfulness nor did it impeach her testimony with contradictory statements. The fact that her testimony disputes that offered by the State does not of itself create an attack on her general reputation warranting the admission of character testimony. *Wallace v. State,* 501 S.W.2d 883, 886 (Tex.Cr.App.1973). Spector's sixth point is overruled.

Spector complains in her seventh, eighth, and ninth points of error that the trial court erred in permitting the State to strike at the defendant through her attorneys. Moreover, Spector contends the trial court improperly aided the State in its case and the cumulative effect of these errors denied Spector a fair trial.

■ Spector points to some of the prosecutor's statements in the record that we do not approve, *e.g.,* "the defense lawyer has tried to lead the jury into 1001 little rabbit trails … technicality after technicality after technicality." None of the alleged prejudicial statements were brought to the trial court's attention, however, and after reviewing the record as a whole we conclude the statements were not so prejudicial as to require reversal or that they could not have been cured with proper objections and instructions. *Borgen v. State,* 672 S.W.2d 456, 460 (Tex.Cr.App.1984).

■ Spector's argument that the trial court improperly aided the State is disingenuous at best. Furthermore, our reading of the record fails to disclose any instances wherein the trial judge improperly aided the State. On the contrary, it discloses he acted properly in his attempts to move the case along. Spector's seventh, eighth, and ninth points are overruled.

The judgment of conviction is affirmed.