**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel GARCIA–JORDAN, a/k/a Rene Perez, Defendant–Appellant.**

**No. 88–1039
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1988.

Elizabeth Rogers, Asst. Federal Public Defender, El Paso, Tex., Lucien B. Campbell, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Manuel Garcia–Jordan appeals from a conviction of falsely representing himself to be a citizen of the United States in violation of 18 U.S.C. § 911. Appellant contends the district court erred in denying his motion to suppress a statement he made to border patrol officials in which he claimed to be a United States citizen. We reject appellant's contention that the statement should have been suppressed because the statement constituted a new, distinct crime and therefore is not protected by the exclusionary rule.

## I. FACTS

At approximately 1:00 a.m. on August 18, 1987, U.S. Border Patrol Agents Thomas W. Meighen, Jr., and Loncie Tucker

were advised that an electronic sensor had been activated on Highway 385 south of Marathon, Texas. The agents drove south on that highway to investigate. When the agents saw the headlights of an approaching car, they pulled off the highway and positioned their marked Border Patrol car perpendicular to the roadway. The agents saw a 1978 Ford Bronco pass their location. The Bronco had dark-tinted windows and was raised on oversized tires, making it impossible for the agents to see inside the vehicle. The agents followed the vehicle, which was traveling at approximately fifty miles per hour. As the agents overtook the Bronco, it slowed to a speed of approximately twenty-five miles per hour. The agents then decided to stop the vehicle.

Agent Tucker approached the driver's side of the vehicle while Agent Meighen approached the passenger's side. The driver of the vehicle, appellant, told Agent Tucker that he was an American citizen and showed Agent Tucker a birth certificate and Social Security card in the name of Rene Perez. When questioned by Agent Meighen, the passenger indicated that he was a Mexican citizen who was illegally in the United States. The passenger was then arrested for being an undocumented alien. Appellant was arrested when Agent Meighen informed Agent Tucker that the passenger was an illegal alien.

Appellant was later identified as a Mexican national and charged with falsely representing himself to be a citizen of the United States under 18 U.S.C. § 911. Following the district court's denial of appellant's motion to suppress the statement he gave the Border Patrol agents after his vehicle was stopped, appellant entered a conditional plea of guilty, reserving his right to appeal the district court's denial of the motion to suppress. Appellant was sentenced to a term of two years' imprisonment.

On this appeal, appellant contends that his statement to Agent Tucker was the fruit of an illegal stop and the trial court erred in denying his motion to suppress.

## II. DISCUSSION

■ We find it unnecessary to address the legality of the stop in this case because we conclude that the statement would be admissible in any event. A person who is stopped or detained illegally is not immunized from prosecution for crimes committed during his detention period.

In *United States v. Mitchell*, 812 F.2d 1250 (9th Cir.1987), the court was confronted with a situation very similar to the one presented here. The defendant in *Mitchell* was detained at the Honolulu Airport for over an hour awaiting questioning by secret service agents regarding statements Mitchell allegedly made while in Singapore threatening the life of President Reagan. When the agents arrived and informed Mitchell that they were there to question him about the statements, Mitchell responded by stating that he was going to kill the President. Mitchell was arrested and subsequently convicted of knowingly and willfully threatening the life of President Reagan at the Honolulu Airport. In affirming the conviction, the Ninth Circuit held that, regardless of whether Mitchell had been illegally detained at the airport, evidence of the crime committed in the agents' presence was admissible. In declining to suppress the statement, the court noted:

> Committing a crime is far different from making an inculpatory statement, and the treatment we afford the two events differs accordingly. An inculpatory statement usually relates to a previously committed illegal act; there is nothing unlawful about the statement itself. A crime, on the other hand, whether committed by word or deed is by definition an act that violates the law. We exclude inculpatory evidence when it is obtained as a result of an unlawful search or seizure. We have never, however, applied the exclusionary rule as a bar to the prosecution of a crime.

*Mitchell*, 812 F.2d at 1253.

The most analogous case from this circuit is *United States v. Nooks*, 446 F.2d 1283 (5th Cir.1971). In that case the accused, Brown, was stopped and arrested.

The court assumed that the arrest was illegal. The sheriff instructed the defendant to follow in his automobile to another location. The accused began following but turned off abruptly and a high speed chase ensued. During the chase, Brown fired shots at the police officers. When Brown was apprehended, the officers opened the trunk to Brown's car, searched it and found evidence that incriminated him in a bank robbery. The defendants sought to suppress the evidence recovered from Brown's car as fruit of an illegal search. We affirmed the district court's denial of that motion to suppress and stated:

> Before the trunk of the automobile was opened it had become academic whether Brown's original arrest was lawful or not. Brown's description and his precipitate flight had furnished additional evidence to show probable cause for his arrest and for the search of the automobile. Further, Brown had committed another crime by shooting directly at Sheriff Dye.... The nexus between the search and Brown's original arrest had been attenuated. The fruits of that search cannot realistically be treated as fruits of Brown's original arrest....

> We hold simply that at the time the trunk of the automobile was opened and the automobile was searched, probable cause existed for the arrest....

*Nooks,* 446 F.2d at 1288.

Similarly, in *United States v. Bailey,* 691 F.2d 1009 (11th Cir.1982), the court relied in part on *Nooks* and held that where a defendant's response to an illegal stop or arrest is itself a new, distinct crime, the police can ordinarily conduct a legal arrest and search in connection with the new crime. In *Bailey,* federal agents attempted to arrest a suspect in an airport terminal. The suspect dropped a bag he was carrying and fled across the airport. An agent chased and subdued Bailey following a fight. When the officer searched the suspect he found cocaine and heroin. Bailey was then arrested and ultimately tried and convicted for possession of the cocaine and heroin the agents recovered from Bailey's person after they subdued him. On appeal, Bailey contended that the agent's

recovery of illicit drugs flowed from his initial illegal stop and evidence of the drugs recovered should be suppressed as fruit of the poisonous tree. The Eleventh Circuit disagreed and held that when Bailey resisted arrest, he committed a crime in the presence of the officers that gave them probable cause to arrest and search him. The court observed that a contrary rule would "virtually immunize a defendant from prosecution for all crimes he might commit that have a sufficient causal connection to the police misconduct." *Id.* at 1017.

■ Appellant's false statement of citizenship was a new and distinct crime. *See* 18 U.S.C. § 911. Appellant's prosecution for this new crime, committed in the officer's presence, is not barred by the exclusionary rule.

We agree with the Ninth Circuit that in extreme cases, outrageous police conduct may afford the accused a substantive defense to the prosecution of such a "new" crime. As that court stated:

> When it is claimed that the police have exploited an illegal arrest by creating a situation in which a given criminal response is predictable, we believe that a better approach [than applying the exclusionary rule] would be to determine whether the government's prosecution of the crime would abridge fundamental protections against unfair treatment.... Affording a substantive defense to a crime committed during an illegal detention when particular circumstances so warrant provides a more rational and measured way of protecting individual rights than does the application of fourth amendment analysis to all such cases. Equally important, extending the exclusionary rule to bar prosecution of new crimes is simply unwarranted both from a historical and a practical standpoint.

*Mitchell,* 812 F.2d at 1254. *See also Bailey,* 691 F.2d 1018 n. 9.

When Jordan entered a guilty plea subject only to his reservation of an appeal of the district court's denial of his motion to

suppress, he waived all other substantive defenses. *United States v. Sarmiento,* 786 F.2d 665, 668 (5th Cir.1986).

Because the district court did not err in denying the motion to suppress, the judgment of conviction is

AFFIRMED.