NO. 07-05-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2008
_____

MARK V. BRYANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409545; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

A jury convicted appellant Mark V. Bryant of tampering with evidence. Punishment was assessed at confinement for life. In this appeal, by seven issues appellant challenges the trial court's denial of his motion to suppress evidence, the legal and factual sufficiency of the evidence supporting one element of the offense, and the court's refusal of a requested jury instruction. We overrule the issues, and affirm.

By indictment, the State alleged that appellant "knowing that an investigation is in progress, did knowingly destroy a thing, to wit: a glass pipe, with the intent to impair its

availability as evidence in the investigation."[1] Evidence showed that near midnight on June 14, 2005, Lubbock police officers responded to a 911 call reporting a fight in and outside a particular room of a Lubbock motel. The first officer on the scene, Michael Chavez, saw a vehicle backing out of a parking space in front of that room. Chavez stopped the vehicle, and initiated conversation with appellant and his female passenger. When neither was able to produce identification, the officers detained them further, removed them from the vehicle and handcuffed appellant. As a result of a pat-down of appellant, Chavez found a glass pipe of the type typically used to smoke methamphetamine. He removed the pipe from appellant's pocket, and placed it on the trunk of his patrol car. Despite his handcuffs, appellant was able to reach the pipe and break it on the ground. One officer testified at trial, "While the Defendant was handcuffed, I guess he was pretty flexible. He had his hands behind his back, and he brought them up to one of his sides, grabbed the pipe, the drug paraphernalia, the glass pipe, grabbed it and he threw it on the ground shattering it to a thousand different pieces." That action led to his indictment.

Appellant filed a motion to suppress, contending that the State's evidence was the product of an illegal stop and detention. The trial court denied the motion after a hearing. As noted, at trial, the jury convicted appellant of tampering with evidence as charged in the indictment, and assessed punishment at confinement for life. Appellant filed a motion for new trial which was denied. This appeal followed.

---

[1] See Tex. Penal Code Ann. § 37.09 (Vernon 2007). This is a third degree felony punishable by imprisonment for a term of two to ten years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003). Appellant's punishment was enhanced by reason of prior felony convictions. Tex. Penal Code Ann. § 12.42 (Vernon 2007).

Analysis

*Suppression Issues*

By appellant's first four issues, he contends that the trial court reversibly erred by denying his motion to suppress the evidence "of [appellant's] conduct during an otherwise illegal detention." After reviewing the record, we find that disposition of his first four issues does not necessitate our review of the legality of the officers' stop or detention of appellant.

As appellant's brief recognizes, a person who is stopped or detained illegally is not immunized from prosecution for crimes committed during his detention period. *United States v. Garcia-Jordan,* 860 F.2d 159, 160 (5th Cir. 1988). Application of this principle requires that we overrule appellant's suppression issues.

In *Garcia-Jordan*, the defendant was the driver of a vehicle stopped by Border Patrol agents. He told one of the agents he was an American citizen and showed the agent a birth certificate and Social Security card. When he later was identified as a Mexican national, he was charged with falsely representing himself to be a citizen of the United States, in violation of a federal statute. *Garcia-Jordan,* 860 F.2d at 160. He filed a motion to suppress the statement he gave to the Border Patrol agent, contending it was the fruit of an illegal stop. Affirming the trial court's denial of the motion to suppress, the appeals court found it unnecessary to address the legality of the stop "because we conclude that the statement would be admissible in any event." *Id*. The court noted that the defendant's "false statement of citizenship was a new and distinct crime." It held his prosecution for

3

the new crime, committed in the officer's presence, was not barred by the exclusionary rule. *Id*.

We likewise conclude that the exclusionary rule did not require suppression of the evidence of appellant's destruction of the glass pipe in the presence of the officers, regardless whether the pipe was located following an unlawful detention.

The same analysis applies under article 38.23 of the Texas Code of Criminal Procedure.[2] That provision provides that evidence obtained in violation of the law is inadmissible. *Id.* However, article 38.23 contemplates that a crime has been committed, that evidence of that crime exists, and that officers violate the law in attempting to obtain evidence of the previously committed crime. *State v. Mayorga,* 901 S.W.2d 943, 945-46 (Tex.Crim.App. 1995). *Mayorga* involved a prosecution for resisting arrest. The trial court granted a motion to suppress, finding the defendant's arrest was unlawful, and the evidence of her resistance to the arrest was fruit of the unlawful act. *Id*. at 945. The court of appeals reversed. The Court of Criminal Appeals agreed with the court of appeals' reasoning that evidence the defendant resisted the officer's efforts to arrest her did not exist before the arrest and could not therefore have been "obtained in violation of the law" so as to require exclusion under article 38.23. *Id*. at 946. In the same fashion, evidence that appellant committed an offense by destroying the glass pipe did not exist at the time of his detention, and therefore was not subject to exclusion under article 38.23 by virtue of the asserted illegality of the detention. *See Cooper v. State,* 956 S.W.2d 95, 98

---

[2] Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).

4

(Tex.App.–Tyler 1997, no pet.) (applying this reasoning to aggravated assault on a peace officer and concluding that the alleged illegality of the arrest was irrelevant to the crime). *See also Martinez v. State,* 91 S.W.3d 331, 340 (Tex.Crim.App. 2002) (applying reasoning of *Mayorga*, and noting that article 38.23 "does not provide any protection to commit a *new* crime . . . and then to exclude any evidence of that new crime because the constable violated the law first") (emphasis in original).

The trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule his first four issues.

*Legal and Factual Sufficiency*

In issues five and six, appellant argues that the evidence was legally and factually insufficient to prove that he "destroyed" the glass pipe as alleged in the indictment. In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (*citing Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). In performing a factual sufficiency review, we view all the evidence in a neutral light, giving deference to the fact finder's determinations if supported by the record and may not order a new trial simply because we may disagree with the verdict. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). As an appellate court, we are not justified in

5

ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.*

Section 37.09(a)(1) of the Penal Code provides, in pertinent part, that "A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he: (1) alters, destroys, or conceals any . . . thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]" Tex. Penal Code Ann. § 37.09(a)(1) (Vernon 2007). Appellant maintains that he did not "destroy" the glass pipe because the pipe's evidentiary value was not destroyed. In making this argument, appellant relies on *Spector v. State,* 746 S.W.2d 946 (Tex.App.–Austin 1988, pet. ref'd). Appellant quotes *Spector* for the propositions that "something is destroyed within the meaning of Penal Code § 37.09(a)(1) when its evidentiary value is destroyed" and "the only way evidence can be destroyed when part is recovered is when the part recovered has less evidentiary value than the whole." *Id.* at 946.

Appellant asserts that the pipe's evidentiary value was not destroyed. He points to testimony suggesting that the broken pieces of the glass tube could have been tested for the presence of controlled substances, and argues the pieces thus had evidentiary value for a potential prosecution of appellant for possession of drug paraphernalia. Drug paraphernalia is defined to include objects used or intended for use in inhaling a controlled substance. Tex. Health & Safety Code Ann. § 481.002(17) (Vernon 2003); *Nichols v. State,* 886 S.W.2d 324, 326 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd). Assuming, without deciding, that *Spector*'s formulation concerning evidence partially recovered is

6

applicable here,[3] we have no hesitation to conclude that the "thousand pieces" of glass that might have been recovered from the motel parking lot would have less evidentiary value than the intact tube for the purpose of showing a jury that, when intact, it was an object used or intended to be used to inhale a controlled substance.[4] We find the evidence appellant destroyed the glass pipe to be both legally and factually sufficient. Accordingly, we overrule issues five and six.

*Trial Court's Charge*

Appellant's seventh issue complains of the trial court's denial of his requested instruction. The application paragraph of the court's charge reads: "Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about June 14, 2005, in Lubbock County, Texas, as alleged in the indictment, the defendant, Mark Bryant, knowing that an investigation is in progress, did knowingly destroy a thing: to wit, a glass pipe, with the intent to impair its availability as evidence in the investigation, then you will find the defendant guilty of the offense of tampering with evidence and so say by your verdict." Appellant's requested instruction would have inserted the words "into drug possession or paraphernalia possession" after the word

---

[3] As we read the record, the shards of glass were not actually recovered from the parking lot. In *Spector*, the contents of the marijuana cigarette that was torn in two and thrown toward a ditch were recovered and used to convict the defendant for possession of marijuana. 746 S.W.2d at 945; *see Spector v. State*, 746 S.W.2d 946, 948 (Tex.App.–Austin 1988, pet. ref'd) (affirming possession conviction in separate appeal).

[4] The Beaumont court of appeals recently reached a similar conclusion in a case with remarkably similar facts, in which the defendant destroyed a glass crack pipe by stepping on it. *Williams v. State*, No. 09-06-103-CR, 2007 WL 416543 (Tex.App.–Beaumont February 7, 2007, pet. stricken).

"investigation" in the phrase "knowing that an investigation is in progress." Thus, appellant's request would have required the jury to find he knew an investigation into one of those offenses was in progress when he smashed the pipe.

The trial court must give the jury "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code. Crim. Proc. Ann. art. 36.14 (Vernon 2007). A defendant is not entitled to have an instruction worded exactly as he requests, as long as the charge correctly states the law and tracks the applicable statute. *Thacker v. State*, 889 S.W.2d 380, 399 (Tex.App.–Houston [14th Dist.] 1994, pet. ref'd). Section 37.09 of the Penal Code does not define the term "investigation." The term thus is to be given its plain meaning. *See Mattox v. State,* 874 S.W.2d 929, 932 (Tex.App.–Houston [1st Dist.] 1994, no pet.) (trial court's charge need not define terms that are not statutorily defined, and terms that are not statutorily defined are given their plain meaning). Here, the court's application paragraph tracked the language of Penal Code § 37.09 encompassed within the language of the indictment. We find the trial court did not err by refusing appellant's requested instruction.[5] We overrule issue seven.

---

[5] Appellant relies on *Pannell v. State*, 7 S.W.3d 222 (Tex.App.–Dallas 1999, pet. ref'd), in which the court reversed a conviction for tampering with evidence, finding the evidence legally insufficient. *Pannell* thus addresses the sufficiency of evidence, not the requirements of the charge. *Id*. at 223-24.

Finding no reversible error, we affirm the judgment of the trial court.


James T. Campbell
Justice


Publish.