NO. 07-05-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B
 
FEBRUARY 25, 2008
______________________________

MARK V. BRYANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409545; HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          A jury convicted appellant Mark V. Bryant of tampering with evidence. Punishment
was assessed at confinement for life. In this appeal, by seven issues appellant challenges
the trial court’s denial of his motion to suppress evidence, the legal and factual sufficiency
of the evidence supporting one element of the offense, and the court’s refusal of a
requested jury instruction. We overrule the issues, and affirm. 
          By indictment, the State alleged that appellant “knowing that an investigation is in
progress, did knowingly destroy a thing, to wit: a glass pipe, with the intent to impair its
availability as evidence in the investigation.”


 Evidence showed that near midnight on June
14, 2005, Lubbock police officers responded to a 911 call reporting a fight in and outside
a particular room of a Lubbock motel. The first officer on the scene, Michael Chavez, saw
a vehicle backing out of a parking space in front of that room. Chavez stopped the vehicle,
and initiated conversation with appellant and his female passenger. When neither was able
to produce identification, the officers detained them further, removed them from the vehicle
and handcuffed appellant. As a result of a pat-down of appellant, Chavez found a glass
pipe of the type typically used to smoke methamphetamine. He removed the pipe from
appellant’s pocket, and placed it on the trunk of his patrol car. Despite his handcuffs,
appellant was able to reach the pipe and break it on the ground. One officer testified at
trial, “While the Defendant was handcuffed, I guess he was pretty flexible. He had his
hands behind his back, and he brought them up to one of his sides, grabbed the pipe, the
drug paraphernalia, the glass pipe, grabbed it and he threw it on the ground shattering it
to a thousand different pieces.” That action led to his indictment. 
          Appellant filed a motion to suppress, contending that the State’s evidence was the
product of an illegal stop and detention. The trial court denied the motion after a hearing. 
As noted, at trial, the jury convicted appellant of tampering with evidence as charged in the
indictment, and assessed punishment at confinement for life. Appellant filed a motion for
new trial which was denied. This appeal followed.
Analysis
Suppression Issues
          By appellant’s first four issues, he contends that the trial court reversibly erred by
denying his motion to suppress the evidence “of [appellant’s] conduct during an otherwise
illegal detention.” After reviewing the record, we find that disposition of his first four issues
does not necessitate our review of the legality of the officers’ stop or detention of appellant.
          As appellant’s brief recognizes, a person who is stopped or detained illegally is not
immunized from prosecution for crimes committed during his detention period. United
States v. Garcia-Jordan, 860 F.2d 159, 160 (5th Cir. 1988). Application of this principle
requires that we overrule appellant’s suppression issues. 
          In Garcia-Jordan, the defendant was the driver of a vehicle stopped by Border Patrol
agents. He told one of the agents he was an American citizen and showed the agent a
birth certificate and Social Security card. When he later was identified as a Mexican
national, he was charged with falsely representing himself to be a citizen of the United
States, in violation of a federal statute. Garcia-Jordan, 860 F.2d at 160. He filed a motion
to suppress the statement he gave to the Border Patrol agent, contending it was the fruit
of an illegal stop. Affirming the trial court’s denial of the motion to suppress, the appeals
court found it unnecessary to address the legality of the stop “because we conclude that
the statement would be admissible in any event.” Id. The court noted that the defendant’s
“false statement of citizenship was a new and distinct crime.” It held his prosecution for
the new crime, committed in the officer’s presence, was not barred by the exclusionary
rule. Id.
          We likewise conclude that the exclusionary rule did not require suppression of the
evidence of appellant’s destruction of the glass pipe in the presence of the officers,
regardless whether the pipe was located following an unlawful detention. 
          The same analysis applies under article 38.23 of the Texas Code of Criminal
Procedure.


 That provision provides that evidence obtained in violation of the law is
inadmissible. Id. However, article 38.23 contemplates that a crime has been committed,
that evidence of that crime exists, and that officers violate the law in attempting to obtain
evidence of the previously committed crime. State v. Mayorga, 901 S.W.2d 943, 945-46
(Tex.Crim.App. 1995). Mayorga involved a prosecution for resisting arrest. The trial court
granted a motion to suppress, finding the defendant’s arrest was unlawful, and the
evidence of her resistance to the arrest was fruit of the unlawful act. Id. at 945. The court
of appeals reversed. The Court of Criminal Appeals agreed with the court of appeals’
reasoning that evidence the defendant resisted the officer’s efforts to arrest her did not
exist before the arrest and could not therefore have been “obtained in violation of the law”
so as to require exclusion under article 38.23. Id. at 946. In the same fashion, evidence
that appellant committed an offense by destroying the glass pipe did not exist at the time
of his detention, and therefore was not subject to exclusion under article 38.23 by virtue
of the asserted illegality of the detention. See Cooper v. State, 956 S.W.2d 95, 98
(Tex.App.–Tyler 1997, no pet.) (applying this reasoning to aggravated assault on a peace
officer and concluding that the alleged illegality of the arrest was irrelevant to the crime). 
 See also Martinez v. State, 91 S.W.3d 331, 340 (Tex.Crim.App. 2002) (applying reasoning
of Mayorga, and noting that article 38.23 “does not provide any protection to commit a new
crime . . . and then to exclude any evidence of that new crime because the constable
violated the law first”) (emphasis in original).
          The trial court did not abuse its discretion in denying appellant’s motion to suppress. 
We overrule his first four issues. 
Legal and Factual Sufficiency
          In issues five and six, appellant argues that the evidence was legally and factually
insufficient to prove that he “destroyed” the glass pipe as alleged in the indictment. In
reviewing issues of legal sufficiency, an appellate court views the evidence in the light most
favorable to the verdict to determine whether a rational fact finder could have found each
element of the offense beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89,
95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001)
(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In performing a factual sufficiency
review, we view all the evidence in a neutral light, giving deference to the fact finder’s
determinations if supported by the record and may not order a new trial simply because we
may disagree with the verdict. Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App.
2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State,
23 S.W.3d 1, 11 (Tex.Crim.App. 2000). As an appellate court, we are not justified in
ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. Id. 
          Section 37.09(a)(1) of the Penal Code provides, in pertinent part, that “A person
commits an offense if, knowing that an investigation or official proceeding is pending or in
progress, he: (1) alters, destroys, or conceals any . . . thing with intent to impair its verity,
legibility, or availability as evidence in the investigation or official proceeding[.]” Tex. Penal
Code Ann. § 37.09(a)(1) (Vernon 2007). Appellant maintains that he did not “destroy” the
glass pipe because the pipe’s evidentiary value was not destroyed. In making this
argument, appellant relies on Spector v. State, 746 S.W.2d 946 (Tex.App.–Austin 1988,
pet. ref’d). Appellant quotes Spector for the propositions that “something is destroyed
within the meaning of Penal Code § 37.09(a)(1) when its evidentiary value is destroyed”
and “the only way evidence can be destroyed when part is recovered is when the part
recovered has less evidentiary value than the whole.” Id. at 946.
          Appellant asserts that the pipe’s evidentiary value was not destroyed. He points to
testimony suggesting that the broken pieces of the glass tube could have been tested for
the presence of controlled substances, and argues the pieces thus had evidentiary value
for a potential prosecution of appellant for possession of drug paraphernalia. Drug
paraphernalia is defined to include objects used or intended for use in inhaling a controlled
substance. Tex. Health & Safety Code Ann. § 481.002(17) (Vernon 2003); Nichols v.
State, 886 S.W.2d 324, 326 (Tex.App.–Houston [1st Dist.] 1994, pet. ref’d). Assuming,
without deciding, that Spector’s formulation concerning evidence partially recovered is
applicable here,


 we have no hesitation to conclude that the “thousand pieces” of glass that
might have been recovered from the motel parking lot would have less evidentiary value
than the intact tube for the purpose of showing a jury that, when intact, it was an object
used or intended to be used to inhale a controlled substance.


 We find the evidence
appellant destroyed the glass pipe to be both legally and factually sufficient. Accordingly,
we overrule issues five and six.
Trial Court’s Charge
            Appellant’s seventh issue complains of the trial court’s denial of his requested
instruction. The application paragraph of the court’s charge reads: “Now bearing in mind
the foregoing instructions, if you find from the evidence beyond a reasonable doubt that
on or about June 14, 2005, in Lubbock County, Texas, as alleged in the indictment, the
defendant, Mark Bryant, knowing that an investigation is in progress, did knowingly destroy
a thing: to wit, a glass pipe, with the intent to impair its availability as evidence in the
investigation, then you will find the defendant guilty of the offense of tampering with
evidence and so say by your verdict.” Appellant’s requested instruction would have
inserted the words “into drug possession or paraphernalia possession” after the word
“investigation” in the phrase “knowing that an investigation is in progress.” Thus,
appellant’s request would have required the jury to find he knew an investigation into one
of those offenses was in progress when he smashed the pipe. 
         The trial court must give the jury “a written charge distinctly setting forth the law
applicable to the case; not expressing any opinion as to the weight of the evidence, not
summing up the testimony, discussing the facts or using any argument in his charge
calculated to arouse the sympathy or excite the passions of the jury.” Tex. Code. Crim.
Proc. Ann. art. 36.14 (Vernon 2007). A defendant is not entitled to have an instruction
worded exactly as he requests, as long as the charge correctly states the law and tracks
the applicable statute. Thacker v. State, 889 S.W.2d 380, 399 (Tex.App.–Houston [14th
Dist.] 1994, pet. ref’d). Section 37.09 of the Penal Code does not define the term
“investigation.” The term thus is to be given its plain meaning. See Mattox v. State, 874
S.W.2d 929, 932 (Tex.App.–Houston [1st Dist.] 1994, no pet.) (trial court's charge need not
define terms that are not statutorily defined, and terms that are not statutorily defined are
given their plain meaning). Here, the court’s application paragraph tracked the language
of Penal Code § 37.09 encompassed within the language of the indictment. We find the
trial court did not err by refusing appellant’s requested instruction.


 We overrule issue
seven.
 
          Finding no reversible error, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice









Publish.