NO. 07-08-0168-CR
NO. 07-08-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 19, 2008

______________________________


CHARA DEAN MOORE A/K/A CHARA DEAN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,754-D & 55,655-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Following pleas of guilty, Appellant, Chara Dean Moore a/k/a Chara Dean Carter,
was convicted of delivery of a controlled substance in each cause and sentenced to
seventeen years confinement and a $1000 fine. Sentence was imposed on September
27, 2007, and Appellant filed a pro se notice of appeal in this Court on April 11, 2008. 
After a copy of the notice was sent to the trial court clerk, it was file stamped April 18,
2008.


 Neither a Trial Court’s Certification of Defendant’s Right of Appeal nor a clerk’s
record has been filed. We dismiss these purported appeals for want of jurisdiction.
          In a criminal case, a defendant must file a written notice of appeal with the trial court
clerk. Tex. R. App. P. 25.2(c). The notice is due within thirty days, or ninety days if a
motion for new trial is filed, after the day sentence is imposed in open court. Tex. R. App.
P. 26.2(a). The time within which to file the notice may be enlarged if, within fifteen days
after the deadline for doing so, the party files the notice of appeal in the trial court and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this
Court. Tex. R. App. P. 26.3.
          Assuming that a motion for new trial was filed, Appellant’s notice of appeal was due
on or before December 26, 2007.


 Applying the fifteen day extension, the latest day to file
the notice of appeal was January 10, 2008.
          By letter dated April 23, 2008, this Court notified Appellant that her notice of appeal
filed with the trial court clerk on April 18, 2008, appeared untimely and requested an
explanation no later than May 19, 2008, why these appeals should not be dismissed for
want of jurisdiction. Appellant timely responded that she filed a notice of appeal with the
trial court on or about November 19, 2007, and that the trial court took no action and failed
to forward the notice to this Court. An inquiry from the Clerk of this Court to the District
Clerk demonstrated that no notice of appeal from Appellant had ever been filed with the
trial court clerk until this Court forwarded a copy of the notice mistakenly filed here on April
11, 2008. Consequently, Appellant’s notice of appeal is untimely.
          Additionally, Rule 2 of the Texas Rules of Appellate Procedure provides that an
appellate court may–to expedite a decision or for other good cause–suspend a rule’s
operation in a particular case and order a different procedure. However, this rule cannot
be invoked to create jurisdiction where none exists. Olivo v. State, 918 S.W.2d 519, 523
(Tex.Crim.App. 1996) (noting that Rule 2(b)[current Rule 2] or Rule 83 [current rule 44.3]
could not be invoked to create jurisdiction where none exists). 
          We acknowledge that Appellant may be entitled to an out-of-time appeal by filing
a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is also beyond the jurisdiction of this Court. See
Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005). See also Ex parte Garcia,
988 S.W.2d 240 (Tex.Crim.App. 1999). 
          Consequently, we dismiss these appeals for want of jurisdiction. 



                                                                Patrick A. Pirtle

                                                                        Justice

 



Do not publish.                                              



s brief recognizes, a person who is stopped or detained illegally is not
immunized from prosecution for crimes committed during his detention period. United
States v. Garcia-Jordan, 860 F.2d 159, 160 (5th Cir. 1988). Application of this principle
requires that we overrule appellant’s suppression issues. 
          In Garcia-Jordan, the defendant was the driver of a vehicle stopped by Border Patrol
agents. He told one of the agents he was an American citizen and showed the agent a
birth certificate and Social Security card. When he later was identified as a Mexican
national, he was charged with falsely representing himself to be a citizen of the United
States, in violation of a federal statute. Garcia-Jordan, 860 F.2d at 160. He filed a motion
to suppress the statement he gave to the Border Patrol agent, contending it was the fruit
of an illegal stop. Affirming the trial court’s denial of the motion to suppress, the appeals
court found it unnecessary to address the legality of the stop “because we conclude that
the statement would be admissible in any event.” Id. The court noted that the defendant’s
“false statement of citizenship was a new and distinct crime.” It held his prosecution for
the new crime, committed in the officer’s presence, was not barred by the exclusionary
rule. Id.
          We likewise conclude that the exclusionary rule did not require suppression of the
evidence of appellant’s destruction of the glass pipe in the presence of the officers,
regardless whether the pipe was located following an unlawful detention. 
          The same analysis applies under article 38.23 of the Texas Code of Criminal
Procedure.


 That provision provides that evidence obtained in violation of the law is
inadmissible. Id. However, article 38.23 contemplates that a crime has been committed,
that evidence of that crime exists, and that officers violate the law in attempting to obtain
evidence of the previously committed crime. State v. Mayorga, 901 S.W.2d 943, 945-46
(Tex.Crim.App. 1995). Mayorga involved a prosecution for resisting arrest. The trial court
granted a motion to suppress, finding the defendant’s arrest was unlawful, and the
evidence of her resistance to the arrest was fruit of the unlawful act. Id. at 945. The court
of appeals reversed. The Court of Criminal Appeals agreed with the court of appeals’
reasoning that evidence the defendant resisted the officer’s efforts to arrest her did not
exist before the arrest and could not therefore have been “obtained in violation of the law”
so as to require exclusion under article 38.23. Id. at 946. In the same fashion, evidence
that appellant committed an offense by destroying the glass pipe did not exist at the time
of his detention, and therefore was not subject to exclusion under article 38.23 by virtue
of the asserted illegality of the detention. See Cooper v. State, 956 S.W.2d 95, 98
(Tex.App.–Tyler 1997, no pet.) (applying this reasoning to aggravated assault on a peace
officer and concluding that the alleged illegality of the arrest was irrelevant to the crime). 
 See also Martinez v. State, 91 S.W.3d 331, 340 (Tex.Crim.App. 2002) (applying reasoning
of Mayorga, and noting that article 38.23 “does not provide any protection to commit a new
crime . . . and then to exclude any evidence of that new crime because the constable
violated the law first”) (emphasis in original).
          The trial court did not abuse its discretion in denying appellant’s motion to suppress. 
We overrule his first four issues. 
Legal and Factual Sufficiency
          In issues five and six, appellant argues that the evidence was legally and factually
insufficient to prove that he “destroyed” the glass pipe as alleged in the indictment. In
reviewing issues of legal sufficiency, an appellate court views the evidence in the light most
favorable to the verdict to determine whether a rational fact finder could have found each
element of the offense beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89,
95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001)
(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In performing a factual sufficiency
review, we view all the evidence in a neutral light, giving deference to the fact finder’s
determinations if supported by the record and may not order a new trial simply because we
may disagree with the verdict. Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App.
2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State,
23 S.W.3d 1, 11 (Tex.Crim.App. 2000). As an appellate court, we are not justified in
ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. Id. 
          Section 37.09(a)(1) of the Penal Code provides, in pertinent part, that “A person
commits an offense if, knowing that an investigation or official proceeding is pending or in
progress, he: (1) alters, destroys, or conceals any . . . thing with intent to impair its verity,
legibility, or availability as evidence in the investigation or official proceeding[.]” Tex. Penal
Code Ann. § 37.09(a)(1) (Vernon 2007). Appellant maintains that he did not “destroy” the
glass pipe because the pipe’s evidentiary value was not destroyed. In making this
argument, appellant relies on Spector v. State, 746 S.W.2d 946 (Tex.App.–Austin 1988,
pet. ref’d). Appellant quotes Spector for the propositions that “something is destroyed
within the meaning of Penal Code § 37.09(a)(1) when its evidentiary value is destroyed”
and “the only way evidence can be destroyed when part is recovered is when the part
recovered has less evidentiary value than the whole.” Id. at 946.
          Appellant asserts that the pipe’s evidentiary value was not destroyed. He points to
testimony suggesting that the broken pieces of the glass tube could have been tested for
the presence of controlled substances, and argues the pieces thus had evidentiary value
for a potential prosecution of appellant for possession of drug paraphernalia. Drug
paraphernalia is defined to include objects used or intended for use in inhaling a controlled
substance. Tex. Health & Safety Code Ann. § 481.002(17) (Vernon 2003); Nichols v.
State, 886 S.W.2d 324, 326 (Tex.App.–Houston [1st Dist.] 1994, pet. ref’d). Assuming,
without deciding, that Spector’s formulation concerning evidence partially recovered is
applicable here,


 we have no hesitation to conclude that the “thousand pieces” of glass that
might have been recovered from the motel parking lot would have less evidentiary value
than the intact tube for the purpose of showing a jury that, when intact, it was an object
used or intended to be used to inhale a controlled substance.


 We find the evidence
appellant destroyed the glass pipe to be both legally and factually sufficient. Accordingly,
we overrule issues five and six.
Trial Court’s Charge
            Appellant’s seventh issue complains of the trial court’s denial of his requested
instruction. The application paragraph of the court’s charge reads: “Now bearing in mind
the foregoing instructions, if you find from the evidence beyond a reasonable doubt that
on or about June 14, 2005, in Lubbock County, Texas, as alleged in the indictment, the
defendant, Mark Bryant, knowing that an investigation is in progress, did knowingly destroy
a thing: to wit, a glass pipe, with the intent to impair its availability as evidence in the
investigation, then you will find the defendant guilty of the offense of tampering with
evidence and so say by your verdict.” Appellant’s requested instruction would have
inserted the words “into drug possession or paraphernalia possession” after the word
“investigation” in the phrase “knowing that an investigation is in progress.” Thus,
appellant’s request would have required the jury to find he knew an investigation into one
of those offenses was in progress when he smashed the pipe. 
         The trial court must give the jury “a written charge distinctly setting forth the law
applicable to the case; not expressing any opinion as to the weight of the evidence, not
summing up the testimony, discussing the facts or using any argument in his charge
calculated to arouse the sympathy or excite the passions of the jury.” Tex. Code. Crim.
Proc. Ann. art. 36.14 (Vernon 2007). A defendant is not entitled to have an instruction
worded exactly as he requests, as long as the charge correctly states the law and tracks
the applicable statute. Thacker v. State, 889 S.W.2d 380, 399 (Tex.App.–Houston [14th
Dist.] 1994, pet. ref’d). Section 37.09 of the Penal Code does not define the term
“investigation.” The term thus is to be given its plain meaning. See Mattox v. State, 874
S.W.2d 929, 932 (Tex.App.–Houston [1st Dist.] 1994, no pet.) (trial court's charge need not
define terms that are not statutorily defined, and terms that are not statutorily defined are
given their plain meaning). Here, the court’s application paragraph tracked the language
of Penal Code § 37.09 encompassed within the language of the indictment. We find the
trial court did not err by refusing appellant’s requested instruction.


 We overrule issue
seven.
 
          Finding no reversible error, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice









Publish.