# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2011

No. 11-50325
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR PULUC-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-325-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Oscar Puluc-Garcia entered a conditional plea of guilty to assaulting a federal officer.  He appeals the denial of his motion to suppress evidence arising from a traffic stop of the vehicle in which he was a passenger.  We need not address the legality of the stop because, as the district court determined, subsequent events gave the police probable cause to arrest Puluc-Garcia.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50325

"A person who is stopped or detained illegally is not immunized from prosecution for crimes committed during his detention period." *United States v. Garcia-Jordan*, 860 F.2d 159, 160 (5th Cir. 1988). Even when a defendant has been subjected to an illegal arrest, seized evidence is admissible if its seizure was sufficiently attenuated that any taint attributable to the illegal arrest was eliminated. *See Wong Sun v. United States*, 371 U.S. 471, 487 (1963). Independent probable cause that develops after an illegal arrest is "a critical factor attenuating the taint of the initial illegal arrest." *United States v. Cherry*, 794 F.2d 201, 206 (5th Cir. 1986).

After being detained by a Border Patrol officer on the basis of his illegal immigration status, Puluc-Garcia attempted to flee custody. As Puluc-Garcia and the officer struggled, the officer fell, resulting in a broken shoulder blade. This altercation, which formed the basis of Puluc-Garcia's conviction, provided probable cause for his arrest and broke the causal link with any illegality arising from the initial traffic stop. *See Garcia-Jordan*, 860 F.2d at 159-61 (finding that false citizenship statements made after traffic stop constituted new offense and did not warrant suppression); *see also United States v. Nooks*, 446 F.2d 1283, 1288 (5th Cir. 1971) (stating that illegal flight broke the nexus between the illegal arrest and the search subsequent to apprehension). Consequently, the judgment of the district court is AFFIRMED.