NO. 07-11-00305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 15, 2012

RONALD COLEMAN, SR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18708-1102; HONORABLE EDWARD LEE SELF, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ronald Coleman, Sr., was convicted of tampering with evidence[1] and sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for two years and fined $3,000. By one issue, appellant contends that the trial court committed reversible error in overruling his motion to suppress the evidence that resulted from his illegal detention. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2011).

Factual and Procedural Background

On January 24, 2011, appellant approached a house located near the intersection of 10th Street and Austin Avenue in Plainview, Texas. Unknown to appellant, this house was the subject of a request to watch the traffic coming and going from the house that the detective in charge of drug enforcement for the Plainview Police Department had relayed to all patrol officers. On this day, Sergeant Ernesto Amaya was observing the house. Amaya testified that he watched appellant go to the front door and then enter the house. Appellant was inside the house for approximately 30 seconds before he came out and headed away from the house. Amaya said he could not see who opened the door for appellant nor what appellant did while inside the house. As Amaya observed appellant walking across a vacant lot away from the house, appellant put his right hand inside the right pocket of his "hoodie." Amaya then walked toward appellant. As Amaya approached appellant, he made eye contact with appellant. According to Amaya, after he made eye contact with appellant, appellant put his right hand back in the pocket of his "hoodie." On direct examination at the hearing on the motion to suppress, Amaya testified that appellant then withdrew his hand from the right pocket of the "hoodie" in a cup-like motion, as if he was trying to conceal something. At this time, Amaya asked appellant if he could speak to him. Appellant stopped and, because Amaya had seen appellant bring his hand out of the "hoodie" pocket as if to hide something, Amaya attempted to conduct a <u>Terry</u>[2] frisk. As Amaya was beginning to attempt the <u>Terry</u> frisk, appellant placed what was in his hand into his mouth, chewed, and swallowed what was in his hand.

---

[2] <u>See</u> <u>Terry v. Ohio</u>, 392 U.S.1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

During cross-examination, Amaya admitted that, prior to appellant making the motion toward his mouth with his hands, he ordered appellant to place his hands on one of the patrol cars there in the parking area. During cross-examination, Amaya admitted that the information he received from the narcotics detective was several days old. Further, Amaya did not have any idea how old the information was that the narcotics detective received from the confidential informant.

At the conclusion of the hearing on the motion to suppress, the trial court took the matter under advisement. Later, the trial court issued a short order denying the motion to suppress. No findings of fact or conclusions of law were entered. Appellant was subsequently tried and convicted of tampering with evidence and sentenced to serve two years confinement in the ID-TDCJ and a fine of $3,000. Appellant appeals, contending that the trial court's denial of the motion to suppress was an abuse of discretion. We will affirm.

Suppression Issue

Appellant's single issue is that the trial court committed reversible error by denying appellant's motion to suppress based upon a lack of reasonable suspicion on the part of the investigating officer. However, our review of the record leads us to conclude that we do not need to address the legality of the officer's detention to resolve this matter.

3

Analysis

Initially, we observe that a person who is stopped or detained illegally is not immunized from prosecution for crimes committed during any period of detention. See Bryant v. State, 253 S.W.3d 810, 812 (Tex.App.—Amarillo 2008, pet. ref'd) (citing United States v. Garcia-Jordan, 860 F.2d 159, 160 (5th Cir. 1988)). In Bryant, appellant had been detained while the police were investigating a disturbance call. Id. at 811. During his detention, Bryant was able to destroy a glass meth pipe that police had found in his possession. Id. at 812. Bryant was subsequently charged with tampering with evidence. Id. Bryant filed a motion to suppress contending that the evidence found was the result of an illegal detention. This court concluded that the tampering with evidence charge was a new crime, and the exclusionary rule found in article 38.23 of the Code of Criminal Procedure does not require suppression of such evidence. Id. at 813.

We are faced with the same situation. Here, appellant contends that he was illegally detained by the police. This arose, according to appellant, because the officer ordered appellant to place his hands on the hood of a patrol car after encountering appellant. Appellant's actions in placing the suspected item in his mouth, chewing, and swallowing it occurred after appellant had been detained by the officer. The only actions taken by appellant that lead to the charge is the placement of the item in his mouth, chewing it, and swallowing. Thus the crime, tampering with evidence, was completed after the detention. As such, the exclusionary rule and article 38.23 of the Texas Code of Criminal Procedure do not require suppression of the officer's testimony

regarding the actions of appellant after the detention.  <u>Id</u>.   Accordingly, appellant's single issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.


Mackey K. Hancock<br>
Justice

Do not publish.


Pirtle, J., dissenting.